**BRESWICK & CO. et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al., Defendants.**

United States District Court
S. D. New York.
March 27, 1958.

Harold H. Levin, of Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants Gruss and others.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Whitney North Seymour, of Simpson, Thacher & Bartlett, New York City (David Hartfield, Jr., of White & Case, New York City, Edward K. Wheeler, of Wheeler & Wheeler, Washington, D. C., and David W. Wallace, New York City, on the brief), for defendant Alleghany Corp.

Alexander Kahan, New York City, for defendant Adelaide Neuwirth and other common stockholders of Alleghany Corp.

Edward M. Garlock, New York City, for defendants Baker, Weeks & Co., Oscar Gruss & Son, Irving Neuman as trustee under a deed of trust dated Nov. 6, 1943, and Edward Gornish.

Lewis M. Dabney, Jr., New York City, for Crystal Ross Dabney, proposed intervenor.

George Brussel, Jr., of Rosston, Hort & Brussel, New York City, for plaintiffs Breswick & Co. and Myron Neisloss.

Randolph Phillips, New York City, plaintiff, pro se.

Before CLARK, Circuit Judge, and RYAN and DIMOCK, District Judges.

CLARK, Circuit Judge.

The only matter remaining open on the Supreme Court's reversal and remand, Alleghany Corp. v. Breswick & Co., 355 U.S. 415, 78 S.Ct. 421, 2 L.Ed.2d 374, of our previous holding in Breswick & Co. v. United States, D.C.S.D.N.Y., 156

F.Supp. 227,[1] is the contention by common stockholders of Alleghany Corporation that the preferred stock issue as approved by the Interstate Commerce Commission was in violation of the Interstate Commerce Act, 41 Stat. 494, 495, 49 U.S.C. § 20a(2) (3). But as to the plaintiffs' claims of invalidity we have already said:

"As to these contentions of the plaintiffs, we believe that the facts disclosed to the Commission and available as matters of public knowledge were enough to put an expert body on notice of all the alleged undesirable qualities of the issue; that the questions so raised were within the range of expert judgment reserved to the Commission; that its findings thereon satisfy the statute; and that we may not substitute our views for those it expressed." 156 F.Supp. 227, 230.

After reconsidering the case in the light of the arguments now presented we find no occasion to modify these views and accordingly reaffirm them.

Plaintiffs' asserted new contentions are essentially three: (1) that Congress has condemned what they term a "15-year option device," i. e., an option to the holders of the new preferred stock (which is noncallable until 1970) to convert this stock into common stock upon certain stated ratios and subscriptions; (2) that the Court in reversing the Commission in Schaffer Transportation Co. v. United States, 355 U.S. 83, 78 S.Ct. 173, 2 L.Ed.2d 117, has stated a new policy of review of Commission orders; and (3) that the recent decline in stock market value of Alleghany stock makes the new issue unfair. We do not think these claims meet the substance of our holding which has seemed to us required by the facts and the law.

First, there is admittedly no prohibition in the Interstate Commerce Act against the use of convertible options. Moreover, it is clear that such critical views as the plaintiffs have been able to discover [2] do not condemn all such options which, as is well known, are in common use on the Stock Exchange and elsewhere. Under the circumstances we think this issue also well within the discretion of the Commission. Second, the Schaffer case, dealing with another statute and another problem, hardly seems to us a reversal of previous policy as to regulation of the issuance of securities by carriers. There involved was review of the Commission's denial of an application by a common carrier by motor truck for authority to transport granite between various points served by rail. The Court's remarks on the Commission's task in evaluating the numerous considerations determining where the public interest lies in executing the National Transportation Policy announced by Congress, 54 Stat. 899, 49 U.S.C. preceding § 1, are broadly helpful, but do not suggest specific answers here. Cf. American Trucking Associations v. United States, 355 U.S. 141, 78 S.Ct. 165, 2 L.Ed. 158, decided the same day and sustaining the Commission. Third, our task is to see if the Commission acted lawfully in the premises, not to act generally as market supervisor of a carrier's security issues. Whether or not the plaintiffs have a remedy before the Commission because of changed conditions resulting from a delay they have caused is not a matter we need explore here.[3]

---

1. For the earlier history of this case, with full citations, see 156 F.Supp. 227, 228 note 1.

2. In the report of the Senate Banking and Currency Committee on the Pecora investigation "Stock Exchange Practice," Sen.Rep. No. 1455, 73d Cong., 2d Sess. 30, 45, 116, 117, 119 (1934); see also Investment Company Act of 1940, § 18 (d), 15 U.S.C. § 80a–18(d).

3. At the present hearing one Crystal Ross Dabney, holder of 50 shares of Alleghany's new preferred stock, asked to intervene to seek an order to compel Alleghany now to offer to rescind the exchange of stock already consummated. We hold this request both too late and inappropriate for the present proceeding, and accordingly deny her application.

In view of our conclusion, there is no longer occasion for the injunction which must be vacated. And in view of the long delay which has already occurred, there is no proper ground for a stay pending further appeal.

Motion granted; complaint dismissed on the merits; injunction vacated. The clerk is directed to enter judgment immediately.